IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK EDWIN PATE, #30430-408, | § § § § § | |
| Petitioner, | | |
| v. | § § § | No. 3:25-cv-003388-K (BT) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Frank Edwin Pate, a federal prisoner confined in a halfway house, filed an amended pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. Amended Petition (ECF No. 8). For the following reasons, the District Judge should summarily dismiss the Amended Petition for lack of jurisdiction, or, alternatively as an abuse of the writ; deny Petitioner's pending motions (ECF Nos. 7, 10, 13, 16, 18, 19, 21); and warn Petitioner that his repeated filing of frivolous habeas petitions may result in sanctions.

**Background**

Petitioner was convicted of mail fraud and wire fraud in the Eastern District of Texas in 2015. *United States v. Frank Pate*, No. 4:14-cr-125 (E.D. Tex. Nov. 5, 2015) (Judgment, Crim. Doc. 130). In 2016, following a remand from the Fifth Circuit on a sentencing issue, the district court entered an amended judgment, sentencing Petitioner to 168 months on each count to run concurrently. *United*

1

*States v. Frank Pate*, No. 4:14-cr-125 (E.D. Tex. May 26, 2016) (Amended Judgment, Crim. Doc. 184). Later, the Fifth Circuit granted the Government's motion to dismiss Petitioner's appeal of the amended judgment. *See United States v. Pate*, No. 16-40814 c/w No. 16-41317 (5th Cir. June 30, 2017) (Order).

Petitioner now challenges his convictions and sentences in this Court through an amended 28 U.S.C. § 2241 habeas petition. *See Clark v. Tarrant Cnty. Tex.*, 798 F.2d 736, 740 (5th Cir. 1986) (amended pleading supersedes and takes the place of the original pleading). Citing the Fifth Circuit docket sheet from the initial appeal of his criminal case before it was remanded for resentencing (No. 15-41481), Petitioner argues that his convictions and sentences are invalid because the Fifth Circuit never reviewed them and no enforceable judgment exists. He raises two grounds for relief: (1) the Fifth Circuit's failure to review his criminal judgments violates his right to due process, and (2) the Fifth Circuit's failure to review his criminal judgments violates 18 U.S.C. § 4001, which prohibits imprisonment except pursuant to an Act of Congress. Amended Petition at 5. He seeks immediate release from confinement. *Id.* at 7.

This is not Petitioner's first attempt to use § 2241 to challenge his Eastern District of Texas convictions in this Court. His first attempt was dismissed for lack of jurisdiction and transferred to the Eastern District of Texas, so he could pursue his claims under § 2255. *See Pate v. Volunteers of Am.*, No. 24-cv-2903-X-BW, 2025 WL 808465, at *1 (N.D. Tex. Mar. 13, 2025). Petitioner then filed other similar actions under § 2241 that have been dismissed or in which the Magistrate

Judge has recommended dismissal. *See Pate v. United States*, 3:25-cv-1297-K-BT (N.D. Tex. Feb. 23, 2026) (dismissing petition for lack of jurisdiction); *Pate v. Director, Volunteers of Am.*, 3:25-cv-2405-N-BW (N.D. Tex. Oct. 10, 2025) (dismissing petition for lack of jurisdiction); *Pate v. Director Sales, RRM, VOA of Texas*, 3:25-cv-3018-L-BK (N.D. Tex. Nov. 19, 2025) (recommendation to dismiss for lack of jurisdiction pending).

The Amended Petition in this case is similarly baseless and should be dismissed.

## Legal Standard

A motion to vacate sentence under 28 U.S.C. § 2255 provides the main means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005)* (per curiam) (internal quotations and citations omitted). Such a collateral attack must be brought in the court that imposed the sentence. *See* 28 U.S.C. § 2255(a) (providing that a prisoner "may move the *court which imposed the sentence* to vacate, set aside or correct the sentence" (emphasis added)); *Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 n.2 (5th Cir. 1990)* ("[A] collateral attack . . . under section 2255 must be brought before the sentencing court.").

Relief under § 2241, on the other hand, is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Padilla, 416 F.3d at 426* (internal quotations and citations omitted). A petition filed under

3

§ 2241 is not a substitute for a § 2255 motion. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001) (per curiam). Moreover, a § 2241 petition that challenges the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000).

Even so, a prisoner may file a § 2241 petition "to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles,* 342 F.3d 378, 381 (5th Cir. 2003) (citations omitted). But the Supreme Court recently held that the savings clause is limited to "cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court[.]" *Jones v. Hendrix,* 599 U.S. 465, 478 (2023).

### Analysis

1.  Petitioner improperly uses § 2241 to challenge his conviction and sentence.

Petitioner claims that there is no enforceable criminal judgment against him because the Fifth Circuit never reviewed his conviction and sentence on appeal. *See* Amended Petition at 5-7. This is not a challenge to the execution of his sentence (e.g., credit calculations, BOP actions, or conditions imposed by the Bureau of Prisons). Instead, the thrust of Petitioner's Amended Petition is that his conviction and sentence lack force and finality. Aside from being incorrect (as shown below), this is an improper attack on a federal conviction and sentence through a § 2241 motion.

4

Under Fifth Circuit precedent, challenges to the validity of a conviction or sentence must be brought under § 2255, not re-litigated through § 2241. *See Pack, 218 F.3d at 452*; *see also Jeffers, 253 F.3d at 830*. Such collateral attacks on a federal conviction must be brought in the sentencing court—which for Petitioner would be the Eastern District of Texas, not this Court.

And Petitioner cannot rely of the savings clause in § 2255(e) to escape the requirement that he file a § 2255 motion in the sentencing court. The savings clause—under which a prisoner may use § 2241 to challenge the legality of his conviction or sentence—is limited to "cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court[.]" *Jones, 599 U.S. at 478*. Petitioner shows nothing like that here. In fact, he has a § 2255 motion pending in the Eastern District of Texas, and he fails to show it would be impossible or impracticable for him to amend his § 2255 motion to allege the claims asserted here. *See Pate v. United States*, No. 4:25-cv-262 (E.D. Tex. filed Mar. 14, 2025). If Petitioner argues that he need not satisfy the savings clause because the sentencing court lacked jurisdiction to enter judgment (Amended Petition at 8), this argument is "unavailing because § 2255(a) expressly provides that a prisoner raising such a claim may file a motion in 'the court which imposed the sentence to vacate, set aside or correct the sentence' under § 2255." *Cabello v. Hijar, 2024 WL 4614718, at *1 (5th Cir. Oct. 30, 2024)* (per curiam).

The thrust of the Amended Petition is that Petitioner's convictions and sentence are invalid, which is the essence of a § 2255 motion. Accordingly, the

Court lacks jurisdiction over Petitioner's Amended Petition, and it should be dismissed.

> 2. <u>This Court lacks jurisdiction to review appellate error claims, which are frivolous in any event.</u>

The Court also lacks jurisdiction to consider the Amended Petition because Petitioner asks the Court to review how the Fifth Circuit handled his appeal. His sole habeas claims are that the Fifth Circuit violated his right to due process and right not to be confined under 18 U.S.C. § 4001 by failing to review the district court's conviction and sentence. Amended Petition at 5. Were this Court to afford relief, it would have to find that the Fifth Circuit somehow erred.

But that is beyond this Court's purview. "District courts lack habeas jurisdiction to review the decisions of appellate courts." *Cardona v. Beeman*, 382 F. App'x 376, 378 (5th Cir. 2010) (per curiam). Instead, "the United States Supreme Court, through a petition for a writ certiorari, reviews the appropriateness of a federal appellate court's rulings." *Demmitt v. United States*, 2017 WL 563977, at *7 (N.D. Tex. Jan. 20, 2017) (Averitte, J.), *rec. accepted* 2017 WL 564531 (N.D. Tex. Feb. 10, 2017) (Robinson, J.). So here, the Court lacks jurisdiction to award habeas relief based on alleged appellate court errors.

At any rate, Petitioner's contention that the Fifth Circuit never disposed of his appeal is incorrect. In June 2017, the Fifth Circuit granted the Government's motion to summarily dismiss Petitioner's appeal because he waived 14 of the 15 issues he sought to present and because his ineffective assistance of counsel claim

could not be decided on the record. *See United States v. Pate*, No. 16-40814 c/w No. 16-41317 (5th Cir. June 30, 2017) (Order). There was no order entered under the original docket number because the Fifth Circuit remanded the case for resentencing. And once Petitioner appealed the amended judgment, the case was assigned a new docket number and was ultimately dismissed, leaving the district court's judgment intact. *See*, *e.g.*, *Ringsby Truck Lines, Inc. v. Western Conf. of Teamsters*, 686 F.2d 720, 721 (9th Cir. 1982); *Farmer v. First Bank (N.A.)-Pipestone*, 760 F.2d 872, 875 (8th Cir. 1985) (noting that effect of dismissal of the appeal is to "leave the judgment appealed from in effect").

In sum, this Court lacks jurisdiction over Petitioner's appellate-court-error claims—the only claims raised in the Amended Petition—which are frivolous in any event.

3.  Alternatively, Petitioner's Amended Petition is an abuse of the writ.

Alternatively, the Amended Petition should be dismissed as an abuse of the writ under 28 U.S.C. § 2244. Courts have defined a petition as an abuse of the writ and impermissibly successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Here, Petitioner has filed at least four other applications for habeas relief under 28 U.S.C. § 2241 in this Court challenging his Eastern District of Texas mail and wire fraud convictions, all of which have been transferred, dismissed, or await

dismissal pending acceptance of the Magistrate Judge's recommendation. *See Pate v. Volunteers of Am.*, 3:24-cv-2903-X-BW (N.D. Tex. Mar. 13, 2025) (transferring Petitioner's § 2255-sounding claims to the Eastern District of Texas); *Pate v. United States*, 3:25-cv-1297-K-BT (N.D. Tex. Feb. 23, 2026) (dismissing Petitioner's petition for lack of jurisdiction); *Pate v. Director, Volunteers of Am.*, 3:25-cv-2405-N-BW (N.D. Tex. Oct. 10, 2025) (dismissing Petitioner's petition for lack of jurisdiction); *Pate v. Director Sales, RRM, VOA of Texas*, 3:25-cv-2018-L-BK (N.D. Tex. Nov. 19, 2025) (recommendation to dismiss for lack of jurisdiction pending).

Petitioner could have presented the unfounded theories presented here in any one of his four prior habeas petitions. So his fifth Amended Petition is an abuse of the writ and should be dismissed. *See*, *e.g.*, *Kilgore v. United States*, 2017 WL 2799937, at *2 (W.D. La. June 6, 2017) (seventh § 2241 petition challenging conviction was an abuse of the writ), *rec. accepted* 2017 WL 2784453 (W.D. La. June 27, 2017) (citing *United States v. Tubwell*, 37 F.3d 175, 177-78 (5th Cir. 1994)); *see also Davis v. Fetchel*, 150 F.3d 486, 490-91 (5th Cir. 1998) (finding third § 2241 petition was an abuse of the writ).

4.  The District Judge should deny the pending motions.

Petitioner also filed motions reiterating the theories in his Amended Petition, seeking an expedited ruling on his Amended Petition, or seeking to introduce evidence in support of his Amended Petition. *See* Motion for Entry of Jurisdictional Facts and Statutory Consequences (ECF No. 7), Motion to Identify

and Lodge Record (ECF No. 10), Motion to Compel Threshold Determination of Appellate Finality (ECF No. 13), Motion for Relief Based on Absence of Appellate Affirmance (ECF No. 16), Motion for Jurisdictional Determination and Clarification (ECF No. 18), Motion for Expedited Evidentiary Hearing on Jurisdictional Defects Never Subject to Appellate Review (ECF No. 19), Motion for Immediate Release (ECF No. 21).

These motions should be denied as moot if the Court accepts this recommendation to dismiss the underlying habeas petition. *See*, *e.g.*, *Tarvin v. Thaler*, 2013 WL 2368366, at *1 (S.D. Tex. May 28, 2013) ("Tarvin's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction, and any remaining pending motions are denied as moot.").

### Sanction Warning

As this Court has warned Petitioner, *see* 3:25-cv-1297-K-BT (FCR at 9), sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal

filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Petitioner should be warned again that if he persists in filing § 2241 habeas corpus petitions that are frivolous or baseless or over which a federal court lacks subject matter jurisdiction, the Court may impose monetary sanctions, bar him from bringing any new § 2241 habeas corpus action, or subject him to other sanctions the Court considers appropriate. *See* Fed. R. Civ. P. 11(b)(2)&(c)(1) (providing for sanctions against *pro se* litigants or attorneys).

## Recommendation

The District Judge should dismiss petitioner Frank Edwin Pate's Amended Petition (ECF No. 8) without prejudice for lack of jurisdiction, or, alternatively, as an abuse of the writ; deny his pending motions (ECF Nos. 7, 10, 13, 16, 18, 19, 21); and warn him that his repeated filing of frivolous habeas petitions may result in appropriate sanctions.

SO RECOMMENDED on April 7, 2026.

_____

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).