IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK EDWIN PATE, | § | |
| #30430-408, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-cv-003388-K (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE
JUDGE AND DENIAL OF CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation in this matter to dismiss Petitioner's federal habeas application for lack of jurisdiction, or, alternatively, as an abuse of the writ. *See* ECF No. 27. Petitioner filed objections ECF No. 28, and supplemental notice in support of pending objections to Magistrate Judge's Report and Recommendation, ECF No. 29. The Court has reviewed the FCR *de novo* in light of Petitioner's objections. After reviewing all relevant matters of record in this case, including the FCR and Petitioner's objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court. The Court briefly responds to Petitioner's initial objections.

First, Petitioner contends that the FCR was mistaken in finding that his sole habeas claims related to Fifth Circuit error. ECF No. 28 at 1. He argues that "the question Petitioner presents is not did not the Fifth Circuit err—it is did Petitioner ever receive the appellate review to which he was constitutionally entitled." *Id.* at 2.

This objection lacks merit. The FCR listed Petitioner's claims as he presented them in the amended habeas petition, which is the operative pleading. *See* ECF No. 8 at 5-6. Regardless, Petitioner's argument that he never received the appellate review to which is entitled is simply a collateral attack on his criminal judgment, which should be presented in the Eastern District of Texas in a motion to vacate the sentence under 28 U.S.C. § 2255. ECF No. 27 at 4-5.

Next, Petitioner claims that "the R&R's § 2255 adequacy analysis fails because it never addresses the constitutional predicate that makes § 2255 structurally unavailable: the Appointments Clause." ECF No. 28 at 3. This objection is part of Petitioner's theory that the AUSA's who signed his indictment were never properly appointed, so his conviction is "void." *Id.*

The objection lacks merit. Petitioner's Appointments Clause argument is not presented in his amended habeas petition, which was focused on the lack of appellate review of his criminal judgment. ECF No. 8. To the extent that Petitioner presented this argument in the many notices and motions he filed after his amended petition, the Court is under no duty to wade through these filings in search of new theories for relief when Petitioner never sought leave to file a second amended petition. *See*, *e.g.*,

2

*Arabzadegan v. W.F. Ramsey- I Unit's Medical Dep't.*, 2026 WL 458220, at *2 (5th Cir. Feb. 18, 2026) (per curiam). At any rate, the Appointments Clause argument is one that can and should be presented in a § 2255 motion to the sentencing court, so this Court lacks jurisdiction to consider it. *See, e.g., United States v. Stanford*, 2025 WL 2964598, at *14 (W.D. La. Oct. 17, 2025) (considering Appointments Clause violation claim in a § 2255 motion); *Davis v. Warden, FCC Coleman-Camp*, 2025 WL 3177282, at *1 (M.D. Fla. Oct. 15, 2025) (concluding that Appointments Clause challenge to criminal judgment was a § 2255 claim that had to be raised in the sentencing court).

Next, Petitioner claims that the FCR erred in finding that he could not present his claims in this Court through § 2255(e)'s Savings Clause, which allows a petitioner to present § 2255 claims to a non-sentencing court in rare circumstances. He argues that his currently-pending § 2255 motion in the Eastern District of Texas is an inadequate vehicle to assess judicial error claims because the very judge who erred would also be deciding the § 2255 motion. ECF No. 28 at 3-4.

This objection lacks merit. It is premised on Petitioner's incorrect belief that a judge is "conflicted" and cannot render relief in a § 2255 motion that contains claims concerning the judge. *See, e.g., Fields v. Gilley*, 121 F.4th 598, 603 (7th Cir. 2024) (finding that § 2255 provides a procedure for adjudicating a claim of judicial bias and remedying such a situation, so there is no structural problem that renders § 2255 inadequate or ineffective to test the legality of that claim); *see also Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988) (similar).

Next, Petitioner complains that the FCR did not address supplemental authority regarding his Appointments Clause argument and the validity of his wire and mail fraud convictions. ECF No. 28 at 4-5.

This objection lacks merit. As discussed, these theories of habeas relief were not presented in the amended petition and, at any rate, must be presented to the sentencing court through a § 2255 motion.

Last, Petitioner complains that the FCR's sanctions warning is "constitutionally impermissible" because his claims are not frivolous. *Id.* at 5. He argues that his claims cannot be frivolous when the FCR recommends dismissal on jurisdictional grounds. *Id.*

The Court cannot agree. Petitioner cites no authority for his argument that jurisdictional dismissals cannot support sanctions, nor has the Court located any. Courts routinely impose sanctions based on repeated filings of cases over which the court lacks jurisdiction. *See, e.g., Kennard v. Lindsay*, 2025 WL 510689, at *2 (N.D. Tex. Jan. 28, 2025), *rec. accepted* 2025 WL 510326 (N.D. Tex. Feb. 14, 2025).

Petitioner's objections ECF No. 28, and supplemental notice in support of pending objections to Magistrate Judge's Report and Recommendation, ECF No. 29, are **OVERRULED.**

By separate judgment, Petitioner's amended habeas petition (ECF No. 8) will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Petitioner's pending motions are **DENIED AS MOOT**. Petitioner is WARNED that if he persists in filing § 2241 habeas corpus petitions that are frivolous or baseless or over which a federal

4

court lacks subject matter jurisdiction, the Court may impose monetary sanctions, bar him from bringing any new § 2241 habeas corpus action, or subject him to other sanctions the Court considers appropriate. *See* Fed. R. Civ. P. 11(b)(2)&(c)(1) (providing for sanctions against *pro se* litigants or attorneys).

Considering the record in this case, the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find it "debatable whether the [motion] states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If Petitioner files a notice of appeal, he must pay the $605.00 appellate filing or submit a motion to proceed *in forma pauperis*.

SO ORDERED.

Signed April 27th, 2026.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE